UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-62038-RAR

**RONALD SATISH EMRIT**,

   Plaintiff,

v.

**FORT LAUDERDALE POLICE DEPT.
AND CLARK COUNTY CUSTODIAN
OF RECORDS,**

   Defendants.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court upon *sua sponte* review of the record. Plaintiff, Ronald Satish Emrit, filed a Complaint, [ECF No. 1], and a Motion for Leave to Proceed *In Forma Pauperis*, [ECF No. 3], on November 1, 2022. Upon initial screening, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. Accordingly, Plaintiff's Complaint is **DISMISSED** *without prejudice*.

A "district court has unquestionable authority to control its own docket and broad discretion in deciding how best to manage the cases before it . . . ." *Guice v. Sec'y, Dep't of Labor*, 754 F. App'x 789, 791 (11th Cir. 2018) (citing *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014)). Further, "[a] federal district court has the inherent power to dismiss a case *sua sponte* under Rule 41(b)." *Hanna v. Fla.*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-49 (1991)). Similarly, pursuant to 28 U.S.C. section 1915(e), courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). As such, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

Even under the relaxed pleading standard afforded to *pro se* litigants, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), Plaintiff's Complaint fails to meet the foregoing standards. The Complaint does not include sufficient factual matter, accepted as true, to allow the Court to reasonably infer that Defendants are liable for any misconduct or wrongdoing, or what the claim or claims against each of them may be. Plaintiff's Complaint fails for several reasons, including but not limited to: (1) the underlying facts do not demonstrate any plausible claims against Defendants or that Plaintiff is entitled to any relief; (2) Plaintiff seeks relief that this Court cannot provide; and (3) Plaintiff does not sufficiently allege grounds for the Court's jurisdiction.

*First*, Plaintiff does not allege any plausible claims for relief against Defendants, or otherwise. Plaintiff attempts to frame the Complaint as a civil rights case against the Fort Lauderdale Police Department and the Custodian of Records of Clark County, Nevada, alleging violations of The Civil Rights Act of 1964, Compl. ¶ 23, Equal Protection Rights, Compl. ¶ 25,

Due Process Rights, Compl. ¶ 27, Freedom of Association, Compl. ¶ 29, and Right to Privacy, Compl. ¶ 31. However, the meandering facts alleged in the Complaint, put bluntly, have absolutely nothing to do with any of these legal allegations. The Complaint states that Plaintiff brings this case "to ensure that the State of Florida and other jurisdictions in the United States understand that the plaintiff was never married to Sabine Jules of Fort Lauderdale (i.e. the lawsuit is seeking an injunction as a legal declaration to obtain an annulment in the federal court system)." Compl. at 1. The Complaint alleges that in 2002, Plaintiff was married in a wedding chapel in Clark County, Nevada, but Plaintiff's "ex-wife" is "not his type." Compl. ¶¶ 14–17. The Court cannot discern a legally cognizable claim from these allegations.

The Complaint also includes many paragraphs and exhibits that have no apparent connection to the underlying allegations, to the extent any allegations can be ascertained. A sampling of these unrelated assertions includes the following:

- "Plaintiff compares this legal action to removing a bankruptcy from a credit report after someone has filed for Chapter 7 Bankruptcy. Accordingly, the Plaintiff has filed for Chapter 7 bankruptcy twice." Compl. ¶¶ 18–19. The Complaint then describes Plaintiff's two alleged bankruptcy proceedings, including the judges, locations, trustees, and paralegals involved. Compl. ¶¶ 19–21.
- "Accordingly, Judge Susan Greenhawt already ruled in plaintiff's favor by terminating the plaintiff's parental rights on June 1st of 2009 which plaintiff believes is a decision on the level of Roe v. Wade. Accordingly, the plaintiff supports the decision of Justices Amy Coney Barrett, Clarence Thomas, and Samuel Alito in overturning Roe v. Wade and arguing that Roe v. Wade is a form of witchcraft." Compl. at 8–9.

- Attached exhibits appear to be photos of Plaintiff, women, celebrities, and politicians accompanied by hand-written descriptions of lawsuits Plaintiff has filed in various courts around the county. [ECF No. 1-2].

Indeed, rather than provide a short and plain statement of the facts, or separate allegations into orderly claims, Plaintiff's pleading contains rambling, incoherent sentences and exhibits that do not allege any facts indicating the basis of a cognizable claim.

Relatedly, Plaintiff does not sufficiently draw any connection between his purported claims and the named Defendants. The Complaint alleges: "Rather than file a lawsuit against the Plaintiff's ex-wife Sabine Jules, the plaintiff believes that it makes more sense to file this lawsuit against the city of Fort Lauderdale, and specifically the Fort Lauderdale Police Department, to obtain an injunction as a legal declaration that the plaintiff was never married to Sabine Jules of Fort Lauderdale." Compl. ¶ 1. Plaintiff does not allege any actions or omissions by the Fort Lauderdale Police Department or the Clark County Custodian of Records related to the underlying facts. Indeed, Plaintiff's Complaint is entirely conclusory in nature. The Court simply cannot discern the nature of Plaintiff's claims or what the events giving rise to his claims are. "[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).

*Second*, Plaintiff seeks relief beyond what this Court may grant—namely, an annulment of his marriage. Under each cause of action, the Complaint includes two to three numbered paragraphs, stating it would be a violation of a certain statutory or constitutional right "to preclude and/or prevent him from being able to obtain an annulment through the federal court system rather than local family law courts or with the Vatican, i.e. archdiocese of Miami." *See e.g.*, Compl. ¶ 23. Plaintiff requests a "legal declaration" that he was never married to his first wife because

"Plaintiff believes it is embarrassing to have to explain" that he was married to a woman "that was not his type." Compl. ¶ 17. Plaintiff cites no authority—and the Court is unaware of any—that would allow a district court judge to grant an annulment. Plaintiff also seeks damages amounting to $80,000 but fails to explain the basis for this request. *See* Compl. at 7–8.

*Third*, the Court cannot determine the basis of its subject-matter jurisdiction from the allegations stated. In fact, the Complaint states, "the court <u>does not</u> already have personal or subject matter jurisdiction…." Compl. ¶ 8 (emphasis added). Plaintiff attempts to establish "complete diversity jurisdiction," but Plaintiff is a Florida resident suing a Florida police department (which, in any event, is not *sui juris*, *see Green v. Miami-Dade County*, No. 05-20280, 2006 WL 8433384, at *3 (S.D. Fla. May 25, 2006)). Compl. ¶ 9. Plaintiff further attempts to establish Federal Question jurisdiction by invoking the United States Constitution and federal statutes. However, as addressed *supra*, the alleged claims have no connection to any purported Constitutional or statutory violations. Compl. ¶¶ 10–11. Federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution," and which have been entrusted to them by a jurisdictional grant authorized by Congress. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue. *Id.* at 410. It is therefore

**ORDERED AND ADJUDGED** that Plaintiff's Complaint, [ECF No. 1], is **DISMISSED** *without prejudice*.[1] The Clerk is directed to **CLOSE** this case. Any pending motions are **DENIED as moot**.

---

[1] Although ordinarily this Court would grant a *pro se* litigant at least one opportunity to amend his complaint before dismissal, here, the Court finds that an amendment would be futile because the Complaint

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 7th day of November, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

is frivolous and does not even approximate an actionable claim. *See Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile."); *see also Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (affirming *sua sponte* dismissal without leave to amend of a frivolous complaint). Accordingly, the Court dismisses Plaintiff's Complaint as frivolous.